IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON BOWERS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2201 |
| | § | |
| ANTHONY J. PRINCIPI, Secretary of | § | |
| Veterans Affairs, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on Defendant Anthony J. Principi's Motion for Summary Judgment [Doc. # 26], to which Plaintiff Clinton Bowers filed his timely response in opposition [Doc. # 28].[1]  Based on a careful review of the full record in this case and the governing legal authorities, the Court concludes that Defendant's motion should be granted.

**I.  FACTUAL BACKGROUND**

Plaintiff is an African-American male who was born in February 1947 and who suffers from a number of physical conditions including diabetes and high blood pressure. Plaintiff is a veteran, apparently of the Vietnam War, and has a 50% service connected

---

[1] Also pending are Plaintiff's motions for reconsideration of the denial of his motions to compel [Docs. # 21 and # 22] and a Motion to Compel which was docketed twice [Docs. # 32 and # 33], which are denied because the requested documents either are available to Plaintiff or are not relevant to the issues in the case; Plaintiff's Motion to Continue which was docketed twice [Docs. # 29 and # 35], which is denied as moot because the Joint Pretrial Order deadline is no longer applicable; Plaintiff's Motion to Strike which was docketed twice [Docs. # 31 and # 34], which is denied as moot because the Court did not rely on the challenged portions of Plaintiff's deposition; and Plaintiff's Motion for Sanctions [Doc. # 30] which is denied as unsupported by the evidence in the record.

disability rating for purposes of receiving benefits from the Department of Veterans Affairs ("VA").

Plaintiff worked on a temporary work-study basis for the VA as a GS-3 file clerk from 1991 until his employment ended in August 1997. Plaintiff filed a number of discrimination complaints against the VA, including one in 1997.

During 2002 and 2003, Plaintiff applied for five positions with the VA. In September 2002, he applied for a Cemetery Representative position ("Claim A"). In June 2003, Plaintiff applied for a Cemetery Caretaker position ("Claim B"). In September 2003, he applied for a temporary Supply Technician position ("Claim C"). In October 2003, he applied for a Supervisory Inventory Management Specialist position ("Claim D"), and in February 2003, he applied for a File Clerk position ("Claim E"). Plaintiff was not selected for any of these five positions.

Plaintiff filed administrative Equal Employment Opportunity ("EEO") complaints alleging that the decisions not to hire him for the five positions were the result of discrimination on the basis of sex, race, age, and disability. Plaintiff also alleged that he was not hired in retaliation for his prior EEO complaints. The Final Agency Decision denying relief was issued in March 2004.

Plaintiff filed this lawsuit on a *pro se* basis in June 2004 and amended his complaint in November 2004. After the completion of discovery, Defendant moved for summary judgment. The motion is ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the case. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted

evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence"). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## B.     Title VII and Age Discrimination in Employment Act Requirements

A plaintiff who alleges that he was not hired for a position because of race or sex discrimination bears the initial burden to make a *prima facie* case of intentional discrimination by showing that (1) he is a member of a protected group; (2) he was qualified for the position for which he applied; (3) he was not selected for the position; and (4) the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Johnson v. Louisiana*, 351 F.3d 616, 621-22 (5th Cir. 2003). Similarly, to make out a *prima facie* case of discriminatory treatment based on age, a plaintiff is required to prove: (1) he is within the protected class; (2) he was qualified for the position; (3) his application was rejected; and (4) another applicant outside the protected class was hired. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680-81 (5th Cir. 2001).

If the plaintiff establishes a *prima facie* case of discrimination, the defendant must "articulate a legitimate, non-discriminatory reason for its decision." *Rachid v. Jack in The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). If the defendant satisfies this limited burden, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Id.* (internal quotations and citations omitted). If the plaintiff presents evidence that age was a motivating factor in the employment decision, the defendant

must prove that it would have made the same decision regardless of any discriminatory motive. *Id.*

### C.   Rehabilitation Act Requirements

To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, Plaintiff must show: (1) he was an individual with a disability; (2) he was otherwise qualified for the position for which he applied; (3) the work for which he applied involved a 'program or activity' that received federal financial assistance; and (4) he was not selected for the position solely because of his disability. *See Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993). The term "disability" is defined for purposes of the Rehabilitation Act as "a physical or mental impairment that substantially limits one or more major life activities." 29 U.S.C. § 705(9)(B).

### D.   Retaliation Claim Elements

To establish a *prima facie* case of retaliation under Title VII, the plaintiff must show (1) that he engaged in activity protected by Title VII; (2) that he suffered an adverse employment action; and (3) "that the adverse employment action was taken in response to [his] protected conduct." *Hockman v. Westward Communications, L.L.C.*, 407 F.3d 317, 330 (5th Cir. 2004). The third element requires the plaintiff to show that the adverse employment decision would not have been made "but for" the plaintiff's having engaged in the protected activity. *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001).

Additionally, to establish a *prima facie* case of retaliation under the ADEA, the plaintiff must show that he was qualified for the position at issue. *Holtzclaw v. DSC*

*Communications Corp.*, 255 F.3d 254, 260 (5th Cir. 2001). For purposes of a Title VII retaliation claim, a plaintiff cannot prevail if he fails to show that he was qualified for the position. *See Robinson v. Blue Cross and Blue Shield of Louisiana*, 75 Fed. Appx. 304, 306 (5th Cir. Sept. 18, 2003) (unpublished).

### III.   ANALYSIS

#### A.   Rehabilitation Act Claim

As is noted above, to prevail on a Rehabilitation Act claim, Plaintiff must present evidence that he is a person with a disability. This means that he must show that his physical impairments substantially limit one or more of his major life activities. In this case, Plaintiff has not presented evidence – or even alleged – that these physical conditions substantially limit his ability to perform any major life activity. Plaintiff has entirely failed to meet his summary judgment burden to show that he is a person with a disability under the Rehabilitation Act.

Additionally, this Court previously granted summary judgment to Defendant Principi on a Rehabilitation Act claim asserted against him by Plaintiff Bowers. *See Bowers v. Principi*, Civil Action No. H-00-3315. In that case, the Court found that Plaintiff failed to present evidence to show that he is a person with a disability for purposes of his Rehabilitation Act claim. The Fifth Circuit affirmed, noting that Plaintiff had "not shown that he is substantially limited in one or more major life activities." *Bowers v. Principi*, 70 Fed. Appx. 157 (5th Cir. July 3, 2003) (unpublished). Plaintiff has presented nothing to indicate that his physical condition has changed since the Court's prior ruling.

Because Plaintiff has failed to present evidence that he is substantially limited in any major life activity, he cannot establish a *prima facie* case under the Rehabilitation Act and Defendant is entitled to summary judgment on this claim.

### B.  Claims A and D - Cemetery Representative and Supervisory Inventory Management Specialist Positions

Plaintiff applied for a Cemetery Representative position and for a separate Supervisory Inventory Management Specialist position. As to each of these two positions, Plaintiff failed to demonstrate in his application that he had the necessary specialized experience to qualify for the positions.

The Cemetery Representative position, at the GS-6 level, required one year of specialized experience equivalent to the GS-5 level. Plaintiff did not in his application for the position identify the necessary specialized experience.

The Supervisory Inventory Management Specialist position, at the GS-11/12 level, required specialized experience for Medical Supply, Processing and Distribution. Plaintiff in his application listed military experience in inventory management of nuclear weapons, but did not identify any specialized experience in the relevant areas.

Plaintiff has a bachelor's degree, which would qualify him for positions at the GS-5 level. His experience as identified in the applications for the positions in Claim A and Claim D does not, however, qualify him for these positions at the higher grade levels. As a result, Plaintiff has not presented evidence that he was qualified for these two positions and, therefore, he has not established a *prima facie* case of discrimination or retaliation.

### C.  Claim B - Cemetery Caretaker Position

Plaintiff also applied for a Cemetery Caretaker position at the grade 5 level. Plaintiff was among a very large number of applicants who qualified for the position. In order to make the selection process more manageable, the VA selected qualified applicants for referral to the selecting official based on the last digit of the applicant's Social Security number and the last digit of the vacancy announcement. On this basis, Plaintiff was not selected for the position.

Although the selection process for the Cemetery Caretaker position seems arbitrary, there is no evidence that the selection process was based in any way on Plaintiff's race, sex, age, or prior EEO activity. As a result, Defendant is entitled to summary judgment on Claim B.

### D.     Claim C - Temporary Supply Technician Position

The Supply Technician position for which Plaintiff applied was advertised because the VA employee holding that position was activated for military duty. The employee returned from the military activation earlier than expected, however, and he returned to his position before a temporary replacement could be selected. As a result, the position was not vacant as anticipated and the announcement was cancelled. Because the position did not remain open and the VA did not continue to seek applicants for the position, and because it is not an adverse employment action to cancel a vacancy announcement because the incumbent remained in the position, Plaintiff cannot establish a *prima facie* case of discrimination or retaliation.

### E. Claim E - File Clerk Position

Plaintiff applied for one of five File Clerk positions at the GS-4 level. Although Plaintiff was qualified for the position, he was not among the best qualified based on educational background, neatness of the application, and whether the application was fully completed. As a result, Plaintiff was not offered an interview for a File Clerk position.

The record reflects that one of the two reviewing officials at the VA was married to an African-American male at the time of the announcement, and that two of the applicants selected for the File Clerk positions were African-American – one female and one male. The reviewing officials and the selecting official were unaware of Plaintiff's prior EEO activity.

Plaintiff has failed to present evidence that Defendant's decision not to select him for the File Clerk position was in any way based on his race, sex, age, or prior EEO activity. As a result, Defendant is entitled to summary judgment on this claim.

### IV. CONCLUSION AND ORDER

Plaintiff has failed to present evidence that he is a "person with a disability" as that term is defined in the Rehabilitation Act and, therefore, Defendant is entitled to summary judgment on Plaintiff's Rehabilitation Act claim as to all the positions for which he applied.

Plaintiff has failed to present evidence that he was qualified for the Cemetery Representative and Supervisory Inventory Management Specialist positions, or that the temporary Supply Technician position was filled by anyone other than the incumbent. As a result, he cannot establish a *prima facie* case of discrimination or retaliation as to those three claims and Defendant is entitled to summary judgment. Plaintiff has failed to present

evidence that raises a genuine issue of material fact regarding whether Defendant's articulated explanations for its decisions regarding the Cemetery Caretaker and File Clerk positions were a pretext for discrimination or retaliation or that Plaintiff's age, sex, race, or prior EEO activity was a motivating factor in the decisions.  As a result, Defendant is also entitled to summary judgment on these two claims.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] is **GRANTED**.  It is further

**ORDERED** that all other pending motions [Docs. # 21, # 22, # 29, # 30, # 31, # 32, # 33, # 34, and # 35] are **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **7th** day of **June, 2005**.

_____
Nancy F. Atlas
United States District Judge